UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILFREDO TORRES,<br><br>               Plaintiff,<br><br>-against-<br><br>U.S. COURT OF APPEALS FOR THE<br>SECOND CIRCUIT,<br><br>               Defendant. | 22-CV-2774 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that United States Court of Appeals for the Second Circuit ("the Second Circuit") denied him due process by returning his complaints of judicial misconduct or disability. By order dated May 18, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

The following allegations are taken from the complaint and attachments. On March 23, 2022, Plaintiff filed in the Second Circuit three complaints of judicial misconduct under 28 U.S.C. § 351 *et seq*., against the undersigned, Chief Judge Debra Ann Livingston of the Second Circuit, and Judge John P. Cronan of this court. Although "the complaint[s] complie[d] with the court rules," on March 31, 2022, the Second Circuit violated Plaintiff's right to due process by "capriciously refusing to process" the complaints and returning them to Plaintiff. (ECF 2, at 8.) Plaintiff does not state whether the Second Circuit provided an explanation as to why the complaints were returned.

Plaintiff attaches to the complaint the documents he filed in the Second Circuit – the three judicial misconduct complaints and a statement of facts concerning the alleged misconduct.

(ECF 2, at 9-32.) In the documents, Plaintiff asserts a conspiracy by the United States government "to cover-up the Deep State-CIA bombing and destruction of the twin towers," and accuses the government of erroneously placing his name on a terrorist list, resulting in his being "persecuted, tortured, and denied due process of law by the [c]ourts." (ECF 2, at 15.) Plaintiff further discusses alleged felonies committed by Judge Ronnie Abrams of this court, who presided over several of Plaintiff's cases; Judge Abrams's husband, Greg Andres, in his role as a U.S. Deputy Attorney General and later as assistant to Special Counsel Robert Mueller; and former Magistrate Judge Kevin Nathaniel Fox of this court, for his judicial conduct in Plaintiff's cases. Plaintiff further claims that the undersigned, Chief Judge Livingston, and Judge Cronan have "cover-up[ed]" these felonies by dismissing his cases and appeals and refusing to process his "corruption complaints." (*Id*. at 21.) In particular, Plaintiff accuses the undersigned of refusing

> to process [his] FOIA lawsuit 21CV8427 against the U.S. Department of Justice for the release of records which among other things will prove that while Andres was employed at DOJ prosecuting and jailing giants like Paul Manafort, he was simultaneously ordering warrantless raids of [Plaintiff's] apartment.

(*Id.* at 21.)

Plaintiff's complaints stemmed from judicial action taken in his district court cases and appeals before the Second Circuit. *See Torres v. NYC Police Dep't*, ECF 1:16-CV-3437, 48 (S.D.N.Y. Apr. 21, 2021), *appeal dismissed*, No. 21-1314 (2d Cir. Oct. 12, 2021); *Torres v. NYC Police Dep't*, ECF 1:16-CV-2362, 456 (S.D.N.Y. Apr. 21, 2021), *appeal dismissed*, No. 21-1313 (2d Cir. Oct. 12, 2021); *Torres v. City of N.Y.*, ECF 1:19-CV-6332, 81 (S.D.N.Y.), *mandamus denied*, No. 21-1990 (2d Cir. Nov. 24, 2021); *Torres v. U.S. Dep't of Justice*, ECF 1:21-CV-8427, 11 (S.D.N.Y. Feb. 1, 2022), *appeal pending*, No. 22-0362 (2d Cir.).

## DISCUSSION

A. **Plaintiff's misconduct complaint againt the Court**

The Court will first address whether Plaintiff's attempted filing of a judicial misconduct complaint against the undersigned warrants her recusal from this action. A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]"). Moreover, because recusal "necessarily results in a waste of the judicial resources which have already been invested in the proceeding," *In re Int'l Business Machines Corp.*, 618 F.2d 923, 933 (2d Cir. 1980), a judge is "as much obliged not to recuse [her]self when it is not called for as [s]he is obligated to when it is," *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

The fact that Plaintiff attempted to file a judicial misconduct complaint against the undersigned does not require recusal in the present action. It is clear from Plaintiff's papers that he sought to file a misconduct complaint because he disagreed with the Court's dismissal of *Torres v. U.S. Dep't of Justice*, ECF 1:21-CV-8427, 11 (S.D.N.Y. Feb. 1, 2022), a case in which he sought documents from the United States Department of Justice under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.[1] However, Plaintiff proffers no facts indicating that this Court's ruling against Plaintiff in that case was not based solely on the Court's interpretation of the law, and therefore does not provide a valid basis for a finding of bias or partiality. *See Liteky*, 510 U.S. at 544. Plaintiff alleges no facts suggesting that the Court has a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Id at* 555. For these reasons, the Court sees no basis for recusal in this matter, and will proceed to address Plaintiff's claims.

**B.   Plaintiff's claims against the Second Circuit**

The jurisdiction of the federal courts is limited to resolving "cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012). Standing to bring a lawsuit is a threshold requirement that prevents a plaintiff from bringing claims before a court unless there is a case or controversy. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) ("[W]hether the plaintiff has made a 'case or controversy' . . . within the meaning of Article III . . . is the threshold

---

[1] In *Torres v. U.S. Dep't of Justice*, No. 21-CV-8427, Plaintiff asserted that the Department of Justice (DOJ) failed to respond to his requests for documents under FOIA. After granting Plaintiff two opportunities to amend his complaint, the Court dismissed the complaint on several grounds: (1) Plaintiff's FOIA requests did not reasonably describe the records of interest, were too broad, and would require investigation into records outside the DOJ; and (2) Plaintiff did not show that he had exhausted his administrative remedies. *See* ECF 1:21-CV-8427, 10.

question in every federal case, determining the power of the court to entertain the suit."); *see also Arizonans for Official English v. Ariz.*, 520 U.S. 43, 64 (1997).

Standing requires a plaintiff to show "(1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018) (internal quotation marks omitted); *accord Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The burden of establishing standing to sue rests with the party bringing the action, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), and "[a] plaintiff must demonstrate standing for each claim he seeks to press," *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

Plaintiff alleges that the Second Circuit rejected his attempt to file the judicial misconduct complaints. He does not provide the stated reason for the rejection, but asserts that the Second Circuit denied him due process by returning the complaints. Plaintiff fails to allege, however, that he has suffered a concrete and particularized injury caused by the Second Circuit's actions. Section 351 provides a complainant a forum to file a complaint of judicial misconduct, but it does not entitle the complainant "to any individual relief or consideration of such a complaint." *Ponton v. U.S. Court of Appeals*, No. 10-2213, 2011 WL 1045035, at *3 (E.D. Pa. Mar. 23, 2011). Rather, the statute authorizes the judicial council of a circuit court or the Judicial Conference to take particular actions in response to such complaints. *See* 28 U.S.C. §§ 354-355. Even if Plaintiff's complaints might result in disciplinary action against the judges, denial of consideration of the complaint is not an injury to Plaintiff sufficient to create standing to sue the Second Circuit. *See Ponton*, 2011 WL 1045035, at *3. Because Plaintiff alleges no facts suggesting that he has suffered an injury that can be redressed through a favorable judicial decision, Plaintiff lacks standing to assert his claims. The Court therefore dismisses the

complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Mahon*, 683 F.3d at 62 (" If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." ) (internal quotation marks and citation omitted).

Moreover, although Section 351 provides for the filing of judicial misconduct complaints, the statute does not create a private right of action for a complainant to compel review of his complaint. It is "a general procedural statute for court administration" that specifically prohibits collateral judicial review of the disposition of judicial misconduct complaints. *Ponton*, 2011 WL 1045035, at *3; *see* 28 U.S.C. § 357(c). Because Plaintiff does not have a private right of action with respect to the judicial complaints, he cannot seek judicial relief for the Second Circuit's return of his complaints.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 21, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge